## Goldblum v. Insurance Company of North America

*Herbert N. Rosenberg*, for plaintiffs.
*Richard F. Andracki*, for defendants.

WETTICK, *J.*, June 13, 1979—Plaintiffs, through interrogatories, seek to discover the names and addresses of any experts whom defendants retained or specially employed and do not expect to call as witnesses at trial. Defendants claim that these names and addresses are not subject to discovery.

This issue is governed by Pa.R.C.P. 4003.5(a) which reads, in relevant part, as follows:

"(a) Discovery of facts known and opinions held by an expert, otherwise discoverable under the provisions of Rule 4003.1 and acquired or developed in anticipation of litigation or for trial, may be obtained as follows:

" . . .

"(3) A party may not discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, except a medical expert as provided in Rule 4010(b) or except on order of court as to any other expert upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means, subject to such restrictions as to scope and such provisions concerning fees and expenses as the court may deem appropriate."

Under Pa.R.C.P. 4003.1 a party may obtain discovery regarding any matter which is relevant to the subject matter involved in the pending action,

including "the identity and location of persons having knowledge of any discoverable matter." Obviously any experts whom defendants consulted may, as a result of the consultation, have knowledge of matters relevant to the subject matter involved in the pending action. Thus, their names and addresses are discoverable unless such information is protected from discovery by Rule 4003.5(a)(3).

Rule 4003.5(a)(3) bars only discovery of "facts known or opinions held by an expert." Consequently, it can be argued that this rule protects from discovery only facts and opinions and not the names and addresses of experts. However, the purpose of Rule 4003.5(a)(3) is to encourage parties to consult freely and openly with experts by minimizing the likelihood that the information provided to an expert and the opinions that the expert forms may be used against any party who obtained or specially employed this expert. This purpose would be weakened by permitting discovery of the names and addresses of these experts, because in most cases the only reason that an adverse party wants the names and addresses of these experts is to attempt to obtain, through means other than discovery, the facts known and opinions held by such experts. Since disclosure of the names and addresses of these experts will weaken the purpose for excepting from discovery the facts known or opinions held by experts who are not expected to be called as witnesses at trial, we rule that the provisions of Rule 4003.5(a)(3) also protect from discovery the names and addresses of these experts.

Rule 4003.5(a)(3) provides that upon a showing of exceptional circumstances, an adverse party may discover facts known or opinions held by experts who are not expected to be called as witnesses at trial. Consequently, where a party claims that

exceptional circumstances may exist, the names and addresses of these experts are no longer necessarily protected from discovery. There is, however, no claim in the present case that such circumstances may exist.

For these reasons, we deny plaintiffs' request for a court order compelling defendants to furnish the names and addresses of any specially retained experts whom they do not intend to call at trial.

## ORDER

On this June 13, 1979, it is hereby ordered that plaintiffs' motion to compel defendants to disclose the names and addresses of any experts who have been retained or specially employed by defendants in anticipation of litigation or preparation of trial and who are not expected to be called as witnesses at trial is denied.